IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOCRATES WILLIAMS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-1372-N |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Socrates Williams, a Texas prisoner, has filed an application for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.[1]  For the reasons stated herein, the application should be

dismissed on limitations grounds.

I.

In 1994, petitioner was convicted of aggravated robbery and sentenced to 76 years

confinement.  The following year, petitioner was convicted of another aggravated robbery and

sentenced to life imprisonment.  Both convictions were affirmed on direct appeal. *Williams v. State*,

No. 05-94-01644-CR, 1996 WL 640592 (Tex. App.--Dallas, Nov. 6, 1996, no pet.); *Williams v.

State*, 933 S.W.2d 662 (Tex. App.--Eastland 1996, no pet.).  Petitioner did not file an application for

state post-conviction relief.  Instead, he filed this action in federal district court.

---

[1] Although the original pleading filed by petitioner is styled as a Rule 60(b) motion for relief from judgment, it is
properly characterized as an application for writ of habeas corpus. *See Kirven v. Cockrell*, No. 3-97-CV-0030-K, 2003
WL 23473097 at *2 (N.D. Tex. Feb. 18, 2003) (citing cases) (Rule 60(b) motion challenging validity of state conviction
should be construed as application for writ of habeas corpus under section 2254).

II.

Petitioner challenges both of his aggravated robbery convictions on identical grounds:  (1) he received ineffective assistance of counsel; (2) the evidence was insufficient to support the convictions; (3) the prosecutor exercised his peremptory challenges in a discriminatory manner to exclude African-Americans from the jury; and (4) he is actually innocent.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations.  Petitioner addressed the limitations issue in a reply filed on August 18, 2009.  The court now determines that this case is time-barred and should be dismissed.[2]

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254.  *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996).  The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[2] Because petitioner did not present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief, his claims appear to be unexhausted. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). This statute also authorizes the dismissal of a federal habeas petition on limitations grounds. *See Scott v. Quarterman*, No. 3-07-CV-0652-K, 2007 WL 1670172 at *1 n.1 (N.D. Tex. Jun. 6, 2007), *citing Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001). In view of the determination that petitioner's claims are barred by limitations, the court need not address the exhaustion issue.

recognized by the Supreme Court and made retroactively applicable
to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 76 years in prison for one aggravated robbery, and life imprisonment for another aggravated robbery. His convictions were affirmed on November 6, 1996, and October 3, 1996, respectively. Petitioner did not seek further review in the Texas Court of Criminal Appeals with respect to either conviction. Therefore, his convictions became final 30 days after the state appeals court rendered judgment. *See* TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires). Petitioner did not challenge his convictions on state collateral review. He filed this action in federal court on July 20, 2009.

The AEDPA statute of limitations started to run on December 6, 1996 with respect to petitioner's first aggravated robbery conviction, and on November 4, 1996 with respect to petitioner's second aggravated robbery conviction.[3] *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner waited more

---

[3] The 30th day after the state appeals court affirmed petitioner's second aggravated robbery conviction fell on Saturday, November 2, 1996. As a result, petitioner had until the following Monday, November 4, 1996, to file a petition for discretionary review, *see* TEX. R. APP. P. 4(a), and his conviction did not become final until that time.

than *12 years* before seeking habeas relief in state or federal court.  In an effort to excuse this delay, petitioner contends that he did not have access to his trial records and "could not recollect the trial events until his records were obtain[ed] by his family members[.]"  (Pet. Reply at 2).  The lack of access to trial records is not a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations.  *See Davis v. Quarterman*, No. 3-06-CV-2183-N, 2007 WL 316903 at *2 (N.D. Tex. Feb. 2, 2007) (inability to obtain trial transcript or other court documents does not warrant equitable tolling); *Wright v. Dretke*, No. 3-05-CV-0518-M, 2005 WL 1214905 at *2 (N.D. Tex. May 23, 2005), *rec. adopted*, 2005 WL 1639321 (N.D. Tex. Jul. 11, 2005), *COA denied*, No. 05-10983 (5th Cir. Aug. 21, 2006) (petitioner's receipt of trial transcripts more than one year after conviction became final did not warrant equitable tolling).

Petitioner also reurges the arguments set forth in his federal writ, including his claim of actual innocence.  "Equitable tolling is not permitted merely because petitioner believes he is entitled to relief."  *Johnson v. Quarterman*, No. 3-09-CV-0183-G, 2009 WL 1505255 at *2 (N.D. Tex. May 27, 2009), *citing Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).  Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations.  *See, e.g. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Garcia v. Dretke*, No. 3-05-CV-2334-B, 2006 WL 249951 at *3 (N.D. Tex. Jan. 11, 2006), *rec. adopted*, (N.D. Tex. Jan. 25, 2006), *COA denied*, No. 06-10264 (5th Cir. Sept. 12, 2006) (citing cases).  Because petitioner has failed to establish a basis for statutory or equitable tolling, his writ should be dismissed on limitations grounds.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 22, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE